17431

STATE, Respondent, v. Braxton H. WARR, Appellant
(103 S. E. (2d) 757)

Messrs. *Edward E. Saleeby, Thad E. Saleeby* and *Tison & Tison,* of Hartsville, *for Appellant,*

Robert L. *Kilgo, Esq., Solicitor,* of Darlington, *for Respondent,*

May 29, 1958.

STUKES, Chief Justice.

The following is the agreed statement in this appeal record, with immaterial parts omitted:

The appellant pleaded guilty to assault and battery of a high and aggravated nature. Before the plea was entered the attorneys for the appellant discussed the plea with the solicitor and with the posecuting witness. The prosecuting witness had agreed that he would recommend to the judge that the appellant be given a sentence and put on probation without having to serve time, and it was the understanding of the attorneys for the appellant that the solicitor would not resist such a sentence. After the entry of the plea the solicitor recommended to the judge that the appellant serve six months and then be put on probation; whereupon the attorneys for the appellant stated to the Court that it was not their understanding that the solicitor would make such a recommendation, whereupon the attorneys for the appellant moved to withdraw the plea and moved for a contin-

uance, all of this taking place in the presence of the full jury panel. The presiding judge told the appellant that he would allow him to withdraw his plea but that he would not grant a continuance. After the attorneys for the appellant conferred with the appellant and with the prosecuting witness the plea was allowed to stand. Whereupon the judge sentenced the appellant to serve four years and upon the service of one year the balance was suspended and he was placed on probation for a period of five years.

The record further discloses that appellant and the prosecuting witness are cousins. After altercation between them at the latter's place of business, appellant went to his home several miles away and returned with a shotgun, telling a companion that he would kill the prosecutor, and stealthily shot him through a window in the nighttime.

The court was clear and emphatic in his remarks to appellant and his attorneys that in passing sentence the court would not be bound by the recommendation of the prosecutor, although it would be given consideration. The attorneys were heard and the testimony of appellant's companion was taken. Before imposing sentence the court said to counsel:

"Of course, gentlemen, you appreciate the fact that this is a very serious case, and of the type that I think you very properly advised your client to enter a plea of guilt. But shooting at a man through the window in the nighttime is, of course, about as aggravated a kind of an assault as you can have, tempered somewhat, of course, with the understanding that what took place previously sort of sets the background part, you might say. But this is a serious kind of thing, the kind of matter that if he had died, it would be a very serious case of murder. But be that as it may, of course, you gentlemen of counsel can't change the facts; you have to take it as it comes to you. But in the last analysis it is a duty that I will have to accept in the matter of imposing sentence. * * * It is not the kind of case that I could in good conscience say the man ought to go on probation immediately."

The first question on appeal is: "Did the court err in not granting a continuance after the plea through a misunderstanding of the solicitor and the attorneys for the appellant had been entered in the presence of the full jury panel?"

The record does not show that any ground for continuance was submitted to the court. The court offered to allow the plea of guilty to be withdrawn but denied the motion for continuance, whereupon counsel elected to let the plea stand. Presumably the only ground was the claimed understanding that the solicitor would recommend to the court a sentence providing immediate probation. The court made its own investigation, even taking testimony, preliminary to sentence. And the record indicates rather plainly that the court was not influenced by the solicitor's recommendation, one way or the other. Discretion was exercised upon the facts which were before the court, which of course was proper.

We are of opinion that the only ground for continuance which appears at all in the record was entirely untenable. There is in the brief no precedent for appellant's position, and we have found none. Moreover, the granting or refusal of motion for continuance is within the discretion of the trial court. 7 S. C. Dig. 504 *et seq.,* Criminal Law, 586 *et seq.*

Appellant's remaining question complains that the sentence was "too severe." We content ourselves by pointing again to the above quotation from the trial judge when he imposed sentence and to our preceding statement of the facts of the assault. There is no contention that the sentence was not within the bounds of the discretion of the court. Clearly, there was no abuse of discretion for which this court could reverse.

Affirmed.

TAYLOR, OXNER, LEGGE and MOSS, JJ., concur.